UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CIFI LATAM, S.A.

                                                    Plaintiff,

                     -against-

KYLE TAUCH,

                                                    Defendant.

------------------------------------------------------------------X

19-CV-05607 (LTS)(SN)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/2020

**SARAH NETBURN, United States Magistrate Judge:**

On September 6, 2019, non-party JOM Nicaragua, S.A. ("JOM") filed a motion to intervene. ECF No. 16. Plaintiff CIFI Latam, S.A. ("CIFI") opposes the motion. ECF No. 20. For the reasons below, JOM's motion to intervene is GRANTED.

## BACKGROUND[1]

This case arises out of a series of loan agreements to provide capital for JOM's development of a solar photovoltaic power plant in Nicaragua. See ECF No. 17-1. After agreeing to an initial loan arrangement, CIFI—the lender—and JOM—the borrower—entered into a second agreement (the "Short-Term Loan") to provide JOM additional funding for the project. Id., ¶¶ 6-8. Under one term of the Short-Term Loan, JOM would produce title to certain real estate as collateral. Id. JOM was unable to procure clear title to the would-be collateral property, for reasons known to CIFI but only later revealed to JOM. Id., ¶ 10. JOM's inability to procure

---

[1] In considering a motion to intervene, the court generally accepts as true the applicant's well-pleaded, non-conclusory allegations and supporting material. Floyd v. City of New York, 302 F.R.D. 69, 83 (S.D.N.Y.), aff'd, 770 F.3d 1051 (2d Cir. 2014). The facts herein are drawn from JOM's memorandum of law (ECF No. 16), and JOM's Proposed Complaint filed in support of the motion to intervene (ECF No. 17).

that title provided CIFI leverage to adjust the terms of the Short-Term Loan's distribution and subsequently demand new modifications to the initial loan arrangement in exchange for its promise to pay funds under the loan agreements. Id., ¶¶ 9-17. As a result of the negotiations and in furtherance of its efforts to secure payment under the both loan agreements, JOM paid CIFI nearly $500,000 in direct and third-party advisor fees, even though JOM never received, accessed, or used a single dollar in loan proceeds from CIFI under either of the two loan agreements. At the same time, JOM also incurred more than $5 million in project costs. Id., ¶ 19.

CIFI filed this suit alleging that defendant Kyle Tauch ("Tauch"), as JOM's guarantor to the Short-Term Loan between CIFI and JOM, now owes CIFI the entire principal amount of that loan. Tauch argues that CIFI cannot recover because the guarantee was executed through, *inter alia*, "pretenses of fraud, bad faith, and commercially unreasonable conduct." See ECF No. 16, at 2. CIFI filed a motion for summary judgement in lieu of a complaint on August 1, 2019, seeking monetary damages against Tauch. See ECF Nos. 3, 7. Tauch removed the action to federal court, and opposed the motion for summary judgment. See ECF Nos. 12-14.

On September 6, 2019, JOM filed a motion to intervene and proceed as a third-party plaintiff. ECF No. 16. JOM contends that the underlying loan agreement and an amendment thereto were executed due only to CIFI's misrepresentations, omissions, breach of the covenant of good faith and fair dealing, and commercially unreasonable conduct. JOM proposes claims for breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and fraudulent concealment against CIFI.

## DISCUSSION

I. **Applicable Law**

Rule 24 permits a party to intervene in ongoing litigation as of right or by permission of the Court. See Fed. R. Civ. P. 24. In seeking intervention under Rule 24, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention. See Kamdem-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citing Seils v. Rochester City Sch. Dist., 199 F.R.D. 506, 509 (W.D.N.Y. 2001) ("The moving party has the burden of demonstrating its entitlement to intervene.")). While accepting "as true the non-conclusory allegations of the motion[,]" courts applying Rule 24 "must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams., 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (internal citations and quotation marks omitted).

For intervention as of right under Rule 24(a)(2), the moving party must show: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. See United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Authors Guild v. Google, Inc., 05-cv-8136 (DC), 2009 WL 3617732, at *1 (S.D.N.Y. Nov. 4, 2009) (internal quotation marks omitted); see also D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001) ("Denial of the motion to intervene is proper if any of these requirements is not met.").

For permissive intervention under Rule 24(b)(1), the "court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Under Rule 24(b)(2), the district court's discretion is broad. See Authors Guild, 2009 WL 3617732, at *2. In exercising its discretion, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II. Application

JOM's request to intervene is timely and the original parties would not be prejudiced if JOM were allowed to intervene now. CIFI initiated this litigation in May 2019, and the case was removed to federal court in June 2019. Whether a motion to intervene is "timely" is determined in large part by analyzing whether the parties to the case would be prejudiced by intervention, and whether the proposed intervenor will be prejudiced by being kept out of the litigation. See Authors Guild, 2009 WL 3617732, at *2. Here, liability has not been adjudicated. Aside from Plaintiff filing its Motion for Summary Judgment on August 1, 2019, no litigation activity has taken place. The Court has not scheduled a Rule 16 pretrial conference or issued any scheduling orders related to discovery deadlines, and no discovery has taken place. See ECF No. 16, at 4. In other words, this litigation is in "its early stages" such that the motion to intervene is timely because the intervention would not significantly affect the case's manageability. Rivera v. New York City Hous. Auth., 94-cv-4366 (PKL), 1995 WL 375912, at *3 (S.D.N.Y. June 23, 1995).

JOM's claims, which arise out of the circumstances surrounding the formation and execution of the same contracts as the claims between CIFI and Tauch, certainly "share[] with the main action a common question of law or fact" under Rule 24(b)(1). CIFI sued Tauch under a personal guarantee for a loan agreement made with JOM. Tauch's defenses to CIFI's claim

include factual and legal issues very similar in substance to JOM's proposed claims against CIFI. For instance, Tauch defends the claims by stating that the loan, the guarantee, and the ancillary financing documents were procured through fraud, bad faith, and commercially unreasonable conduct. JOM argues that it suffered damages including payments made to CIFI and to third parties as a result of CIFI's breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and fraudulent concealment. Permissive joinder is appropriate under these circumstances. Furthermore, there is no indication that intervention would prejudice CIFI or Tauch's rights. I find that for these reasons, the Court may act within its discretion to allow permissive joinder as to JOM as a third-party plaintiff.

## CONCLUSION

JOM's motion to intervene is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    March 11, 2020
         New York, New York